UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEG LIQUIDATION COMPANY, LLC, )
an Illinois Limited Liability Company, )
and THOMAS E. LESKO, )
)
              Plaintiffs )
)
  vs. )   07 C 3456
)
HUGO STEVENSON, )
)
              Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Hugo Stevenson to dismiss the Amended Complaint of Plaintiffs SEG Liquidation Company, LLC ("SEG Liquidation"), and Thomas Lesko for lack of personal jurisdiction and improper venue. For the reasons set forth below, the motion is denied.

### BACKGROUND

Stevenson lives in California and has since 1993.[1] In February 2002, he founded Stevenson Entertainment Group, LLC ("SEG") with Jerrod Shoun in Colorado. At that

---

[1] The facts recited herein are taken from the uncontroverted portions of the parties' respective affidavits as well as documents attached to the pleadings or affidavits. The parties do not challenge the authenticity of any of those documents.

time, the business was located in Wheatridge, Colorado. SEG engaged in the development, manufacture, marketing, and distribution of toys and collectibles.

Later in 2002, Stevenson traveled to Illinois to meet with Lesko and another man named Michael Romano to discuss the possibility of those two men, who both lived and worked in Illinois, investing in SEG. In November 2002, Lesko and Romano purchased Shoun's interest in the company. The company's principal place of business moved from Colorado to Schaumburg, Illinois, and the five members of the company executed a new operating agreement that, *inter alia*, acknowledged the office's new location and specified that the agreement would be governed by Illinois law.

Lesko and Romano set about to obtain financing for SEG, and in late November 2003, Stevenson traveled to Illinois to discuss financing options with Romano and a bank with offices in Illinois. From 2002 until 2006, Stevenson traveled to Illinois in connection with his relationship to SEG at least three times. During the same time period, Stevenson had regular email and phone contact with Lesko and Romano; for at least the last year and a half of Stevenson's involvement with SEG, he and Lesko spoke at least once a week about SEG business matters.

With respect to the financial matters of SEG, Stevenson signed two guaranties of loans from Fifth Third Bank to SEG: one for $375,000 on December 5, 2003, and another for $450,000 on March 22, 2004. Each document states that the guaranty will

be governed by Illinois law and that Stevenson agreed, upon Fifth Third's request, "to the jurisdiction of the courts of Cook County, State of Illinois." Lesko was also a guarantor of each of these loans, pursuant to separate agreements with Fifth Third.

On two occasions in 2003, Stevenson also borrowed money from SEG. In conjunction with those loans, he executed two promissory notes; each indicated that Stevenson agreed that the notes "shall be governed by the laws and jurisdiction of the State of Illinois." The notes specified that the party to be paid was SEG, located in Schaumburg, Illinois.

In 2006, SEG defaulted on various loan obligations, including the $825,000 owed to Fifth Third on the loans guarantied by Stevenson and Lesko. Fifth Third subsequently assigned its rights under the loans to Plaintiff SEG Liquidation. Lesko is the sole member of SEG Liquidation, and according to the complaint, he has paid Fifth Third the full guarantied amount of $825,000.

SEG Liquidation and Lesko brought the instant suit against Stevenson in a three-count complaint. Count I alleges that Stevenson breached the guaranty agreements by failing to pay the guarantied amounts to Fifth Third. Count II is a common law contribution claim by Lesko for the amounts he paid to Fifth Third as coguarantor of the two loans. Count III alleges that Stevenson did not honor his obligations under the promissory notes he executed in 2003 and seeks payment of the amounts set forth in the

notes, with interest. The asserted basis for our jurisdiction is diversity, pursuant to 28 U.S.C. § 1332.

Stevenson now urges that this court is an improper venue with respect to Count I and contests our ability to exercise personal jurisdiction over him with respect to Counts II and III. Accordingly, he moves for dismissal of Count I pursuant to Fed. R. Civ. P. 12(b)(3) and of Counts II and III pursuant to Fed. R. Civ. P. 12(b)(2).

**LEGAL STANDARD**

**A. Dismissal for Improper Venue**

Fed. R. Civ. P. 12(b)(3) provides that a complaint may be dismissed for improper venue. In diversity cases, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred..., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

**B. Dismissal for Lack of Personal Jurisdiction**

When faced with a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), a plaintiff bears the burden of making a prima facie showing that jurisdiction over the defendant is proper. *Purdue Research Found. v.*

*Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In considering the motion, a court accepts all well-pleaded allegations as true unless controverted by affidavits. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). If a defendant supplies affidavits contesting personal jurisdiction, a plaintiff must meet those assertions with affirmative evidence that supports the presence of jurisdiction. *Purdue*, 338 F.3d at 783.

In a diversity case, personal jurisdiction can be exercised over a nonresident defendant only if an appropriate state court would have such jurisdiction. *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995). Even if jurisdiction can be established under state law, the exercise of that jurisdiction must be consistent with constitutional due process concerns. *Saylor v. Dyniewski*, 836 F.2d 341, 343-44 (7th Cir. 1988). An exercise of jurisdiction over a non-resident defendant is constitutional due process if the defendant has "purposefully established minimum contacts within the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). When a party's contact with a forum state reaches a certain level, it is reasonable for him or her to expect to be subject to suit in that state in connection with that contact. *Id.* at 474, 475. The level of contact necessary will depend on several factors. One consideration is whether the plaintiff asserts that the court has specific personal jurisdiction, meaning that the cause of action arises from the activities within the forum state, or general personal jurisdiction, meaning that the cause of action is unrelated to the defendant's activities

in the forum state. In addition, factors other than the burden on the defending party can come into play, such as the interest of the forum state in adjudicating the dispute in its courts, allowing the plaintiff to obtain convenient and effective relief, and the interest of the interstate judicial system in efficient resolution of controversies that can be addressed in multiple fora. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). No matter how these factors combine, however, due process mandates that maintenance of the suit in the forum is consistent with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

With these principles in mind, we turn to the motion at hand.

## DISCUSSION

### A. Dismissal of Count I for Improper Venue

Stevenson's status as a California resident prevents venue under 28 U.S.C. § 1391(a)(1). However, the factual recitation set forth above with respect to the guaranty agreements makes clear that a substantial part of the events and omissions that give rise to the breach of contract claim in Count I occurred in the Northern District of Illinois. For instance, the underlying loan agreements were executed by a company located in Illinois. The bank providing the loan was also located in Illinois. Much of the business activities that the financing was intended to support took place in the Chicagoland area. The default that triggered the guaranty obligations took place in our

district. All of these points convince us that a substantial part of the events behind the breach of contract claim took place in this district, making our district one in which suit can be brought under § 1391(a)(2).

Stevenson claims that venue is nevertheless improper by operation of the forum selection clauses in the guaranties. He contends that the language contained therein indicates that the parties intended that any suit be brought only in the state court. Both clauses state, "If there is a lawsuit, Guarantor agrees upon Lender's request to submit to the jurisdiction of the courts of Cook County, State of Illinois." The plain meaning of these clauses is to foreclose Stevenson from objecting to suits brought in Illinois state court, not to foreclose Fifth Third (or its successors in interest) from suing in another forum. In other words, the clause means that if this case had been filed in Illinois state court, Stevenson would be required to adjudicate the dispute in that forum. However, it does not mandate that suit be filed there. Accordingly, we conclude that venue is proper in our court and deny the motion to dismiss Count I.

**B. Dismissal of Counts II and III for Lack of Personal Jurisdiction**

*1. Count II: Contribution Claim*

Under Illinois law, if a coguarantor of a debt is required to pay a portion of a debt or the entire amount due, the other coguarantors become liable to contribute a proportionate amount of the money that has been paid. *See Harris v. Handmacher*, 542

N.E.2d 77, 80 (Ill. App. Ct. 1989). According to Lesko, his payment of the $825,000 in accordance with his obligations as guarantor of the loan between Fifth Third and SEG triggered a duty of contribution of a proportionate amount from Stevenson.

Stevenson contends that this court cannot exercise personal jurisdiction over him. He claims that he has not done any of the acts set forth in 735 ILCS 5/2-209(a) such that he would be subject to the jurisdiction of the Illinois courts for causes of action arising from those acts.

However, it is clear from the undisputed facts set forth above that Stevenson's involvement with SEG from 2002 to 2006 is sufficient to constitute transaction of business within Illinois, which is a predicate for personal jurisdiction under 735 ILCS 5/2-209(a)(1). He sought out Illinois residents to constitute two-fifths of the membership of SEG. He regularly conversed with the Illinois members for a four-year period, while the company's main office was located in Illinois. He traveled to Illinois and attended meetings with the company and other Illinois entities in connection with SEG's activities. He executed two guaranties with a bank located in Illinois that contained Illinois choice-of-law provisions. These types of contacts have been held sufficient to support a lawful exercise of jurisdiction. *See First Nat'l Bank of Chicago v. Boelcskevy*, 466 N.E.2d 1182, 1184-86 (Ill. App. Ct. 1984) (involving guaranty by nonresident defendant signed in defendant's home state); *Capital Assocs. v.*

*Roberts-Ohbayashi Corp.*, 487 N.E.2d 7, 11 (Ill. App. Ct. 1985) (concluding jurisdiction can arise from even a single transaction when out-of-state defendant voluntarily engaged in negotiations with known Illinois resident). The cumulative effect of all of Stevenson's contact with Illinois convince us that he transacted business within this state as set forth in 735 ILCS 5/2-209(a).

Furthermore, the nature of Stevenson's interactions over his four-year involvement with SEG, Lesko, and Romano establish that he had the minimum contacts required for an exercise of jurisdiction to comport with due process concerns. *See RAR Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). Stevenson, by his continual contact with SEG and its officers and employees in Illinois and his involvement with financing arrangements for the company, purposefully availed himself of the privilege of conducting those activities within the state of Illinois and invoked the benefits and protections of this state's laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Thus, Stevenson should have reasonably foreseen the possibility that he would be subject to suit in Illinois for his activities in connection with SEG, including payments made by a coguarantor on the company's loans. *See World-Wide Volkswagen*, 444 U.S. at 297. As a result, personal jurisdiction is present for Count II.

*2. Count III: Breach of Contract of Promissory Notes*

The promissory notes that are the subject of Count III are another aspect of the activities that Stevenson engaged in as part of his involvement with SEG, so personal

jurisdiction is present with respect to Count III according to the same rationale applied to Count II.

In addition, the Illinois long-arm statute provides that a party subjects him- or herself to jurisdiction in Illinois by making any contract or promise substantially connected with Illinois. 735 ILCS 5/2-209(a)(7). The promissory notes indicated that payment would be made to SEG, whose Schaumburg address is indicated on the face of the agreement, and that the agreement would "be governed by the laws and jurisdiction of the State of Illinois." These provisions clearly evidence a substantial connection between the promissory notes and the state of Illinois, thus establishing that Stevenson also subjected himself to jurisdiction for causes of action arising from the promissory notes under section (a)(7) of the Illinois long-arm statute. On both these bases, dismissal of Count III for lack of personal jurisdiction is not warranted.

## CONCLUSION

Based on the foregoing, Stevenson's motion to dismiss the complaint is denied.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:   October 18, 2007