UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEG LIQUIDATION COMPANY, LLC and THOMAS E. LESKO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 07 C 3456 |
| HUGO STEVENSON, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiffs SEG Liquidation Company, LLC ("SEG Liquidation") and Thomas Lesko for summary judgment in their favor on all counts of their complaint against Defendant Hugo Stevenson. For the reasons set forth below, the motion is granted.

## BACKGROUND

Lesko (through membership in a company called TLMR, LLC) and Stevenson are former members of Stevenson Entertainment Group, LLC ("SEG"). In 2003, SEG sought financing from Fifth Third Bank to fund its business activities. On December 5, 2003, Fifth Third made two loans to SEG: one for $750,000 and one for $450,000. Lesko and Stevenson each executed a personal guaranty for $825,000 to guarantee the payment of these loans.

In February 2003, Stevenson executed a note promising to pay $20,956.10 to SEG no later than December 31, 2003. The following month, he executed another note promising payment of $63,220.41 to SEG by December 31, 2003. Each note carried a 3.75% interest rate for 2003; thereafter the interest rate increased to 15%. Each also included a late charge of 3.75% of the amount unpaid on the note as of 10 days after the date final payment was due. As of April 24, 2008, $61,599.03 of interest had accrued on the two promissory notes. Stevenson made no payments to SEG on either of these notes.

In 2006, SEG defaulted on the Fifth Third loans. Fifth Third demanded full payment from SEG and the guarantors.[1] By that time, the full $1.2 million had been borrowed and $83,291.50 in interest had accumulated, yielding a total amount of indebtedness of $1,283,291.50.[2] Lesko paid the full amount of his $825,000 guaranty obligation toward satisfying this debt.

On December 19, 2006, Lesko formed SEG Liquidation as its president and sole member. Three days later, Fifth Third assigned its rights under the loan documents and guaranties to SEG Liquidation. Shortly thereafter, SEG Liquidation held a foreclosure

---

[1]The loans were also guaranteed by a third guarantor, Michael Romano. He received a discharge and release of his guaranty obligations in the course of personal bankruptcy proceedings.

[2]Interest has accrued daily since then.

proceeding at a public auction and foreclosed upon and purchased all of SEG's assets at that time. Stevenson made no payments to Fifth Third pursuant to his personal guaranties.

In June 2007, SEG Liquidation and Lesko brought the instant suit. In Count I of the complaint, SEG Liquidation alleges a breach of contract by Stevenson for failure to honor his guaranty obligations. Count II seeks equitable contribution from Stevenson in favor of Lesko in their capacity as coguarantors. Count III is a second breach of contract claim brought by SEG Liquidation against Stevenson, premised upon the failure to pay the amounts due on the two 2003 promissory notes. In conjunction with his answer, Stevenson asserted various affirmative defenses and filed a counterclaim. He later voluntarily dismissed the latter.

SEG Liquidation and Lesko now move for summary judgment in their favor on the three counts of the main complaint.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The

burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. *Id.* The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. *Id.* The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transp. Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

With these principles in mind, we turn our attention to Plaintiffs' motion.

## DISCUSSION

### A. Count I: Breach of Personal Guaranties

In Count I, SEG Liquidation asserts that SEG breached its loan agreements with Fifth Third by failing to pay the $1,283,291.50 demanded in December 2006. By failing to make payments toward that amount pursuant to the guaranties he signed, Stevenson breached his contractual obligation to Fifth Third.

Stevenson does not dispute the existence or amount of the debt. Neither does he claim that he has made any payments to satisfy his obligation as a guarantor. Instead,

he asserts that the record does not support that Lesko made any payment to the bank. This statement ignores the fact that Lesko has provided a sworn affidavit that he paid the full $825,000. Stevenson appears to argue that Lesko's affidavit is insufficient to provide admissible evidence of payment, but that position is incorrect. When an affiant who would have personal knowledge of a fact swears to the truth of that fact in an affidavit, the affidavit constitutes admissible evidence for summary judgment purposes. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Lesko would have personal knowledge of payments he made to the bank, and his sworn statement on that issue is evidence that can be considered under Fed. R. Civ. P. 56(c) and (e). Stevenson has offered nothing to contradict Lesko's affidavit. Thus, it is undisputed that that sum was owed to Fifth Third as of that date and that Lesko paid the full $825,000 of his guaranty obligation. The amount remaining once Lesko's payment is subtracted is $458,291.50.

Stevenson also appears to argue that only $825,000 of the debt to Fifth Third was guaranteed, making the amounts above that not subject to repayment by him as a guarantor. However, that position is also incorrect in light of the language of the guaranty agreements that Stevenson signed, which provide that Fifth Third held cumulative rights under the multiple guaranties and that Stevenson's liability was aggregate. Consequently, the full amount of the debt was guaranteed even though it exceeded the $825,000 amount guaranteed by each individual guarantor. The two other

guaranties have been extinguished—one by payment and the other by discharge under bankruptcy proceedings—so Stevenson is liable for the outstanding indebtedness incurred by SEG to Fifth Third. Since SEG Liquidation now owns all of the rights that had belonged to Fifth Third, the payment is due to SEG Liquidation. In light of Stevenson's admission that he has made no payments toward fulfilling this obligation, summary judgment is appropriate in favor of SEG Liquidation on the breach of contract claim set forth in Count I.

**B. Count II: Equitable Contribution**

Count II is brought solely by Lesko for contribution from Stevenson to equalize the amounts paid by the two parties. When more than one party guaranties a debt and the parties are required to pay some or all of the guarantied amount, the coguarantors are presumed liable for a proportionate share of the amount paid. *McDavid v. McLean*, 202 Ill. 354, 357 (1903). The presumption is not absolute, but in the absence of competent evidence to rebut it, equity demands that coguarantors contribute equally to the discharge of their shared liability. *Id.* As stated above, it is undisputed that Lesko paid more than half of the outstanding indebtedness to Fifth Third. Halving the December 2006 debt yields $641,645.75. To equalize the two guarantors' payments of this amount, Stevenson must contribute $183,354.25 to Lesko. That amount, combined

with the $458,291.50 paid to SEG Liquidation pursuant to the award of summary judgment in Count I, brings Stevenson's payments in line with Lesko's.

**C. Count III: Breach of Promissory Notes**

Finally, we turn to the promissory notes that are the subject of Count III of the complaint. Again, Stevenson does not dispute that he has made no payments toward the indebtedness memorialized in the notes. He neither argues that they contain any ambiguity, nor denies signing them. Rather, his opposition to SEG Liquidation's breach of contract claim consists of an assertion that the money given to him under these notes was in fact wages, not loaned amounts requiring repayment. According to Stevenson, he signed the notes begrudgingly and did so only to preserve peace in the newly formed relationship with Lesko.

In the absence of ambiguity, the plain language of a written agreement controls the obligations of the parties to it. *Air Safety, Inc. v. Teachers Realty Corp.*, 706 N.E.2d 882, 884 (Ill. 1999). Even if the facts were as Stevenson contends, just as in the case of a party who signs a party without understanding its contents, a party who signs "begrudgingly" is not relieved from the legal consequences of the assent indicated by the presence of that party's signature on an agreement. *See, e.g.*, *Melena v. Anheuser-Busch, Inc.*, 847 N.E.2d 99, 108 (Ill. 2006); *Harney-Morgan Chevrolet Olds Co. v. Rabin*, 455 N.E.2d 130, 134 (Ill. App. Ct. 1983). The language of the notes

unequivocally indicates that they memorialize a promise by Stevenson to repay a debt to SEG. As such, they are enforceable against him, and summary judgment of liability in favor of SEG Liquidation is appropriate.

## CONCLUSION

Based on the foregoing, the Plaintiffs' motion for summary judgment is granted. At this time, we make no decision with regard to prejudgment interest aside from that referenced within the text of this opinion.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: __August 14, 2008__